**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ABC Sand and Rock Company, Inc., | No. CV-13-00058-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Maricopa County, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss/Motion to Strike/Motion for Stay of Proceedings (Doc. 39).

**I.     FACTS ALLEGED AND ASSUMED TO BE TRUE**

On a motion to dismiss, all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations.  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

Defendant Flood Control District of Maricopa County ("District") is a political subdivision of Defendant Maricopa County and the State of Arizona.   Defendants DeWayne Justice, Melvin Martin, Hemant Patel, Scott Ward, and Wylie Bearup are members of the Flood Control Advisory Board, which advises the Maricopa County Board of Supervisors regarding flood control, floodplain management, drainage, and related matters.  The Flood Control Advisory Board also acts as the administrative review board for administrative appeals ("Review Board").

1    Defendant Timothy Phillips is the Chief Engineer and General Manager of the

2    District.  Defendant Mike Jones is the District's Sand and Gravel Division Supervisor.

3    Defendant Jack Guzman is a sand and gravel inspector employed by the District.

4    Defendant Ed Raleigh is the District's Floodplain Administrator.

5    Plaintiff ABC Sand and Rock Company, Inc. ("Plaintiff") is a small sand and

6    gravel mining business that operates in Maricopa County.  It established a mining

7    operation in Glendale, Arizona ("Plant 1") in 1985 and another in Tonopah, Arizona

8    ("Plant 2") in 2002.

9    As alleged, the District's primary requirement to obtain a sand and gravel permit is

10   a mining Plan of Development.  Plaintiff alleges that for many years the District required

11   only a very simple Plan of Development to obtain a sand and gravel permit, and the

12   District would automatically renew permits in five-year increments upon the payment of

13   the renewal fee and, sometimes, submission of a simple permit renewal form.  As alleged,

14   permits were effectively deemed renewed upon receipt of the renewal fee, and sometimes

15   the District did not formally process renewals for many months.

16   Plaintiff alleges that in 1995, the District did not formally process and approve

17   Plaintiff's Plant 1 permit renewal until almost seven months after the formal expiration

18   date.  In 2000, Plaintiff obtained its Plant 1 permit renewal by submitting a simple

19   renewal application and its application fee, and the District did not formally process the

20   Plant 1 permit renewal until more than one year after the formal expiration date.  In 2006,

21   Plaintiff submitted its Plant 1 permit renewal fee without a new application form, and the

22   District inspector wrote on Plaintiff's 2000 renewal application a new expiration date:

23   "EXP Date 2/17/2011."

24   For Plant 2, Plaintiff submitted its application fee and Plan of Development in

25   2006.  The District inspector directed where a berm needed to be installed, and upon its

26   completion, the inspector approved Plant 2 for operations.

27   On February 14, 2011, Plaintiff's president submitted the renewal fee for

28   Plaintiff's Plant 1 permit fee with a letter stating that he was seeking renewal of the

existing permit and was not making any change to his Plan of Development.  The letter also set forth detailed criticism of the District and its proposed regulatory changes.

On March 10, 2011, the District inspected Plant 1 and determined that Plaintiff passed inspection "per plan."  The District inspector requested that Plaintiff submit a renewal application, and Plaintiff did.  On April 11, 2011, Defendant Jones made additional requests, including information about operations, new engineering, and consent to new permit terms on the existing plan.  Plaintiff provided much of the information that Defendant Jones requested.

On May 31, 2011, the District, through Defendant Raleigh, issued a Notice of Violation against Plaintiff, which stated that Plaintiff was operating Plant 1 without a permit and that the Plant 1 permit had not been renewed in 2006 or 2011.  The District demanded that Plaintiff completely cease its business operations and pay a fine of $169,000.  At some point, presumably when the District concluded the Plant 1 permit had expired, the District notified the Arizona Department of Transportation, and Plaintiff was removed from the Department's bid list.  In September 2011, Plaintiff met with the Defendant Raleigh and the District's attorneys, and Plaintiff alleges the parties came to an agreement, but never finalized it.

On September 12 and 15, 2011, a hearing was held before an administrative hearing officer regarding Plaintiff's challenge to the Notice of Violation.  The hearing officer found that the Plant 1 permit was renewed in 2006 and expired on May 14, 2011.  Subsequently, Defendant Phillips issued his final order, adopting the hearing officer's ruling and issuing a fine of $169,000.  Plaintiff appealed the hearing officer's ruling, and the case was set for hearing before the Review Board.

Plaintiff alleges that on January 25, 2012, the Review Board held an ex parte hearing without notice.  As alleged, Defendant Phillips presented his position that Plaintiff was in violation of the permitting rules, and Review Board members indicated they were ready to rule against Plaintiff.  On March 28, 2012, when the administrative appeal was heard, Plaintiff objected to the Review Board serving as the review panel due

to bias.  After deliberations, the Review Board ruled in favor of Plaintiff and found that its February 2011 permit renewal was valid and in effect.  The Review Board issued an order on June 27, 2012, restating its March 28, 2012 final decision, and the District appealed the Review Board's ruling to the Maricopa County Superior Court on July 31, 2012.

On December 18, 2012, Plaintiff filed a Complaint in the Maricopa County Superior Court, alleging violations of 42 U.S.C. § 1983.  On December 18, 2012, Plaintiff also submitted a notice of claim to Defendants, seeking damages in the amount of $5 million.  On January 9, 2013, Defendants removed the case to federal court.

On May 31, 2013, the Superior Court vacated the Review Board's June 27, 2012 Order and remanded the matter to the Review Board for further proceedings.  The Superior Court noted that A.R.S. § 12-910(E) required it to affirm the agency action unless it concluded that the action "is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion."  The Superior Court found that because the Review Board did not state any factual findings, the Superior Court had "no way of knowing whether substantial evidence supported the factual findings the Board may or may not have made."  The Superior Court concluded "the appropriate procedure in this matter is to remand it to the Board so it may state, as a matter o[f] law, what an entity in the position of [Plaintiff] must do to renew a permit, and further state, as a finding of fact, what [Plaintiff] did to comply with this legal requirement."  On July 26, 2013, Plaintiff appealed from the Superior Court's May 31, 2013 Order to the Arizona Court of Appeals, where briefing has not been completed.

The First Amended Complaint identifies seven counts:  (1) Violation of 42 U.S.C. § 1983:  Retaliation of ABC's First Amendment Rights; (2) Violation of 42 U.S.C. § 1983:  Violation of Due Process; (3) Violation of 42 U.S.C. § 1983:  Violation of Equal Protection; (4) Violation of 42 U.S.C. § 1985:  Conspiracy; (5) Injunctive Relief; (6) Intentional Interference with Contract/Intentional Interference with Business Relations; and (7) Abuse of Process.  The injunctive relief sought includes enjoining the District to

recognize and honor Plaintiff's Plant 1 permit pursuant to the Review Board's March 28, 2012 ruling in favor of Plaintiff and "to honor the permits it has issued for Plant 1 and Plant 2, as well as inspection approvals its employees have issued."  (Doc. 49 at 40.)

## II.   PLAINTIFF'S CLAIMS ARE NOT RIPE.

Federal courts are limited to deciding cases and controversies.  U.S. Const. art. III, § 2.  Two closely related elements of the constitutional case or controversy requirement are standing and ripeness.  *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009).  "To have standing, a plaintiff must have suffered an injury in fact that is 'concrete and particularized'; that can be fairly traced to the defendant's action; and that can be redressed by a favorable decision of the court."  *Id.* at 1096.  While standing focuses primarily on *who* is the proper party to bring suit, ripeness focuses on *when* suit may be brought.  *Id.*  "The ripeness doctrine prevents courts from deciding cases prematurely." *United States v. Lazarenko*, 476 F.3d 642, 649 (9th Cir. 2007).

"[I]n many cases, ripeness coincides squarely with standing's injury in fact prong."  *Bova*, 564 F.3d at 1096 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc), alteration in original).  A claim is not ripe for adjudication if it is based on contingent future events because, if the contingent future events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish standing.  *Id.*

In addition to satisfying the constitutional component of standing and ripeness jurisprudence, a litigant must also satisfy the prudential component, which consists of judicially self-imposed restraints on federal jurisdiction.  *Lazarenko*, 476 F.3d at 649. The prudential component focuses on the adequacy of the record to ensure effective review.  *Id.* at 650.  To determine if a case is ripe for review, a court must evaluate whether the issues are fit for decision and the parties will suffer hardship if the court does not decide the case.  *Id.* at 652.

Plaintiff has not satisfied the constitutional component of ripeness.  The First Amended Complaint alleges that Plaintiff sought to renew its Plant 1 permit in February

2011 and was denied the automatic renewal process it had received previously.  It further alleges that the District attempted to impose on Plaintiff unreasonable additional requirements for renewal of the Plant 1 permit and issued a Notice of Violation and fine against Plaintiff for operating without a permit.  But in March 2012, the Review Board ruled in favor of Plaintiff and found that the February 2011 renewal of the Plant 1 permit was valid and in effect.  Because Plaintiff's Plant 1 permit was found to have been renewed, and Plaintiff continued to operate as usual, there would have been no deprivation of constitutional rights at that point.

When the District sought judicial review, the Superior Court did not reverse the Review Board's ruling in favor of Plaintiff.  It merely remanded the matter for the Review Board to explain its decision and make factual findings.  The remand did not deprive Plaintiff of its permit renewal.  If not for Plaintiff's appeal to the Arizona Court of Appeals, the Review Board likely would have explained its decision and made factual findings as ordered, and Plaintiff's permit would not have been affected.  The District may or may not have sought judicial review again, and the Superior Court may or may not have affirmed the Review Board's ruling in Plaintiff's favor.

However, rather than let the Review Board explain and support its ruling in Plaintiff's favor, Plaintiff appealed the Superior Court's remand order.  Now the case is before the Arizona Court of Appeals, and it is premature to conclude that Plaintiff has suffered a concrete and particularized injury yet.

Because Plaintiff has not satisfied the constitutional component of ripeness, it is not necessary to decide the prudential component.  However, the issues are not fit for decision because the validity of Plaintiff's Plant 1 permit still is being decided by judicial review of the administrative proceedings, and dismissing the present case for lack of ripeness will not impose hardship on Plaintiff because it can assert its claims if and when they become ripe.

In *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822 (9th Cir. 2003), the Ninth Circuit held that "in certain limited and appropriate circumstances,

claims under 42 U.S.C. § 1983 concerning land use may proceed even when related Fifth Amendment 'as applied' taking claims are not yet ripe for adjudication." *Id.* at 831.  In *Carpinteria*, the County prevented plaintiff from playing polo on his property for nine years while waiting for a major conditional use permit and imposed allegedly discriminatory conditions on approval of his residential building permit.  *Id.* at 830. Although the County had not rendered final decisions on the polo field permit or the appeal of the residential permit denial, the Ninth Circuit found some of the plaintiff's claims ripe because deprivation of the commercial use of his land constituted actual, concrete injury that had already occurred and did not depend on the County's final determinations.  Here, Plaintiff was not denied use of Plant 1 even though the validity of the Plant 1 permit was disputed, and Plaintiff has not shown that any other concrete and particularized injury has occurred yet.

Defendants also contend that Plaintiff's state law claims must be dismissed with prejudice for failure to comply with A.R.S. § 12-821.01, the Arizona notice of claim statute, and as time-barred by A.R.S. § 12-821, and they seek to have paragraphs 47-51 of the First Amended Complaint stricken.  Because the First Amended Complaint is not ripe for adjudication, Defendants' alternative request for stay is moot, and the Court declines to decide any other issues presented by Defendants' motion to dismiss.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss/Motion to Strike/Motion for Stay of Proceedings (Doc. 39) is granted in part.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this case for lack of ripeness.  The Clerk shall terminate this case.

Dated this 18th day of November, 2013.

_____
Neil V. Wake
United States District Judge

- 7 -